IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| PATRICIA MIXTER | ) | Civil Action No. 2:12-00790 CRE |
| --- | --- | --- |
| on behalf of herself and all others similarly situated, | ) ) ) ) | Magistrate Judge Cynthia R. Eddy Electronically Filed |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| VERLAND CLA | ) ) | |
| Defendant. | ) | |

## FINAL JUDGMENT

On August 22, 2013, this Court entered an order granting preliminary approval (Document 27) of the settlement memorialized in the Settlement Agreement, and approving the form of Class Notice and directing the manner of delivery thereof.

On November 13, 2013, the Court held a settlement hearing, for which members of the Class had been given appropriate notice. A full and fair opportunity to be heard was given to all persons who requested to be heard in accordance with the Order Approving Class Settlement and Class Notice.

Having considered the parties' moving papers, the Settlement Agreement, and all other evidence concerning the Motions, IT IS HEREBY ORDERED:

1. The Court, for purposes of this Judgment and Order of Dismissal ("Judgment"), adopts all defined terms as set forth in the Confidential Settlement Agreement filed in this case.

2. The Court has jurisdiction over the subject matter of the Litigation, the Class Representative, the other Members of the Settlement Class; and Verland CLA.

3. The Court finds that the distribution of the Notice to the Members of the Settlement Class regarding the pendency of the action as provided for in the Order tentatively approving class settlement, constituted the best notice practicable under the circumstances, provided due and sufficient notice of the matters set forth in the Notice to all persons entitled to such Notice, and satisfies the requirements of due process.

4. The Court finds that:

   a. The Settlement Class is so numerous as to render joinder of all Settlement Class members impracticable;

   b. There are common questions of law and fact common to the Settlement Class;

   c. The Representative Plaintiff's claims are typical of those of the Settlement Class;

   d. The Representative Plaintiff will fairly and adequately represent the interests of the Settlement Class, and are typical of the Settlement Class Members, have no conflicts with any other Settlement Class Members, and have retained competent counsel experienced in class action litigation;

e. The questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and

f. Class treatment is superior to any alternatives for the fair and efficient adjudication of the controversy.

5. Solely for purposes of effectuating this settlement, this Court has certified a class of all Members of the Settlement Class, as that term is defined in and by the terms of the Settlement Agreement.

6. The Court approves the settlement as set forth in the Settlement Agreement, as fair, just, reasonable and adequate as to the Settling Parties. The Setting Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement.

7. The Court determines that the Settlement Agreement has been negotiated vigorously, in good faith, and at arm's-length by Class Representative and Class Counsel on behalf of the Class Members and further finds that the Class Representative has acted independently and that her interests are the same as the interests of the Class Members.

8. Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, the Court hereby dismisses this action against Defendant with prejudice on the merits.

9. The Court reserves exclusive and continuing jurisdiction over the Litigation, the Class Representative, the Settlement Class and Verland CLA for the purposes of

supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement and this Judgment.

10. This document shall constitute final approval of the settlement.

_____
Cynthia R. Eddy, US Magistrate Judge

cc/ecf: All counsel of record.